UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Case Number 04-20033
v.                                        Honorable David M. Lawson

RALPH SIMMONS,

        Defendant.

_____/

## **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

Before the Court is a letter from defendant Ralph Simmons seeking relief under the Fair Sentencing Act from a sentence imposed for a drug crime involving crack cocaine. The Court will construe the letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). The Court must deny the motion, however, because the defendant's present sentence is equal to the statutory mandatory minimum term.

On May 12, 2005 defendant Ralph Simmons pleaded guilty to distributing five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The drug charge normally would have carried a prison term of five to forty years, but because the defendant had a prior felony drug conviction, the enhanced sentence exposure was at least 10 years and up to life in prison. *See* 21 U.S.C. §§ 841(b)(1)(B) (2005), 851. On June 7, 2010, the Court sentenced Mr. Simmons to 127 months in prison.

At the sentence hearing, the Court observed that Mr. Simmons's net offense level was 29 and his criminal history category was III. That would have yielded a sentencing guideline range of 108

to 135 months. However, because the statutory mandatory minimum sentence was 10 years (that is, 120 months), the guideline range became 120 months. *See* USSG § 5G1.1(b).

On May 7, 2008, the defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The defendant argued that he was entitled to have his sentence reduced because the United States Sentencing Commission had issued Amendment 706 to the Sentencing Guidelines allowing a two-level reduction of the base offense level for those sentenced for crack cocaine offenses before November 1, 2011. The Court granted the motion on August 10, 2009 and reduced the defendant's sentence to 120 months, the mandatory minimum sentence prescribed by Congress.

In his present motion, the defendant argues that he is entitled to have his sentence reduced further because the United States Sentencing Commission, following the enactment of the Fair Sentencing Act of 2010, issued new and more lenient sentencing guidelines applicable to offenses involving crack cocaine. Those guidelines will be made retroactive by the Sentencing Commission as of November 1, 2011.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission.

(Emphasis added). Mr. Simmons alleges that because the Sentencing Commission has reduced the crack cocaine guidelines and made them retroactive, and his crime involved the distribution of crack cocaine, he is entitled to a sentence reduction.

The United State Court of Appeals for the Sixth Circuit has held that a defendant subjected to a statutory mandatory minimum sentence is not eligible for a reduction under section 3582(c)(2) because the guideline amendment does not lower the defendant's applicable guideline range. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). Subsequently, that court held that the Sentencing Commission's amendment to a sentencing guideline range that does not affect a statutory mandatory minimum sentence will not provide the basis for a subsequent reduction of a sentence under section 3582(c)(2). *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011).

The Court believes that Mr. Simmons's motion is governed by the precedent set forth in *Johnson* and *McPhearson*. The Court has already reduced Mr. Simmons' sentence to the mandatory minimum of 120 months. Because Mr. Simmons's sentence is based on the statutory mandatory minimum and not a sentencing guideline range that was later lowered by the Sentencing Commission, he is not eligible for relief. Additionally, the defendant's request for counsel is denied as moot.

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c) [dkt. #104] is **DENIED**.

s/Davd M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: October 13, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 13, 2011.

                                        s/Deborah R. Tofil
                                        DEBORAH R. TOFIL